IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV44-03-V
(3:99CR165-V)

DEREK LAMONT ALLISON,　　　　　)
　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　　　**O R D E R**
　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　)
_____)

　　　**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, Or

Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed February 6, 2004; on the

Government's Answer to Petitioner's Motion and Motion for Summary Judgment, (Document No.

3), filed April 5, 2004; and Petitioner's Motion to Amend (Document No. 7), filed February 3, 2005.

　　　On April 16, 2004, this Court ordered that Petitioner had thirty (30) days to respond to the

Government's Motion for Summary Judgment.　One year has passed since the Court ordered

Petitioner to respond to the Government's Motion and no responsive pleading has been filed.

Instead, on February 5, 2004, Petitioner filed a Motion to Amend his § 2255 Motion to Vacate.　For

the reasons stated herein, the Government's Motion for Summary Judgment will be granted, the

Petitioner Motion to Amend will be denied and Petitioner's Motion to Vacate will be denied and

dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

　　　A review of the record reveals that on November 1, 1999, Petitioner and twelve (12) other

defendants were charged with drug offenses in a Two Count Indictment[1]. On July 11, 2000, a Superseding Indictment added marijuana to the list of controlled substances that the defendants allegedly conspired to distribute. On August 7, 2000, a two-count Second Superseding Indictment was returned to comply with the Supreme Count's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Trial began on May 31, 2000 and on June 14, 2001, a jury returned a special verdict on One Count for each type and quantity of drugs. Petitioner was found not to have been involved with cocaine and marijuana, but was found guilty of a conspiracy to distribute 50 grams or more of cocaine base (crack). Petitioner was sentenced to a term of three hundred sixty months (360).

Petitioner filed a timely Notice of Appeal. The only issue raised in Petitioner's appeal was whether the two-level gun enhancement was applicable, pursuant to U.S.S.G. § 2D1.1(b)(1) of the Sentencing Guidelines. On February 12, 2003, in an unpublished per curiam opinion, the Fourth Circuit affirmed Petitioner's sentence.

In his Motion to Vacate, Petitioner raises claims of ineffective assistance of counsel and a claim regarding a gun enhancement applied to enhance his offense level by two levels. Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Government's Motion for Summary Judgment should be granted. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. ANALYSIS

### A. Motion to Amend

### Petitioner's Motion to Amend is Futile And Time Barred

---

[1] Petitioner was charged only in Count One.

In his Motion to Amend, Petitioner seeks to amend his Motion to Vacate to add a claim challenging his sentence under Blakely v. Washington.

Rule 12 of the Rules Governing § 2255 proceedings states: "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules ... and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure whichever it deems most appropriate." Because the Rules Governing § 2255 do not specify a procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, under Rule 15(a) leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182,83 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

According to the record, Petitioner's conviction became final on June 10, 2003. Pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, the Petitioner had up to and including June 10, 2004 in which to bring all of his collateral challenges to his conviction and or sentence. Petitioner filed his Motion to Amend his Motion to Vacate on February 3, 2005, nearly eight months after the one-year statute of limitation has passed and therefore his Motion to Amend is time barred.

When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c)

3

provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2). With respect to the amended claim regarding the <u>Blakely</u> challenge, the Court notes that it is aware of the recent pronouncements in <u>Blakely</u>. However, the Fourth Circuit Court of Appeals has concluded that <u>Apprendi</u>, the case from which the <u>Blakely</u> ruling is derived, cannot be retroactively applied in cases such as this. <u>See</u> <u>United States v. Sanders</u>, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that <u>Blakely</u> can be retroactively applied on collateral review. Thus, in light of <u>Sanders</u>, it is likely that <u>Blakely</u> also will not be deemed to be retroactively applicable in collateral review contexts. Therefore, since the sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, and therefore would be futile, the Court will deny his Motion to Amend.

## B. Motion to Vacate

### 1. Petitioner's Gun Enhancement Claim is Barred

In his § 2255 motion, Petitioner argues that his attorney failed to object to certain testimonial evidence at trial which caused him to receive an additional two-level gun enhancement. The Court notes at the outset that while Petitioner attempts to characterize this argument as an ineffective assistance of counsel claim, the Court can plainly see that this claim is an attempt to reargue the gun enhancement claim which was the basis of Petitioner's appeal to the Fourth Circuit and which has been addressed by the Fourth Circuit Court of Appeals. Indeed, inasmuch as this claim already has been raised and rejected on direct appeal, Petitioner cannot prevail in his current attempt to resurrect

this claim. To be sure, it is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which were already rejected on direct review.[2] Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Consequently, review of this claim is barred by the Fourth Circuit's adverse decision.

### 2. Ineffective Assistance of Counsel Claims Lack Merit

The remaining claims in Petitioner's § 2255 motion are claims of ineffective assistance of counsel.[3] Specifically, Petitioner claims that his attorney was ineffective for the following reasons: (1) he failed to investigate; (2) failed to challenge the presentence report; (3) failed to present mitigating evidence and (4) failed to subject prosecution to meaningful adversarial testing.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court adopted a two prong test for determining whether the defendant received adequate assistance of counsel. First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Id. at 687. Petitioner must specify the acts or omissions that are deficient and not the result of reasonable professional judgment. Id. at 690. There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; See Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985); See also Marzullo v. Maryland, 561 F.3d 540 (4th Cir. 1977).

---

[2] The Court notes that the recent United States Supreme case Booker/Fanfan does not provide a favorable, intervening change in the law or otherwise provide a basis for relief.

[3] The Court notes the Government's argument that Petitioner's ineffective assistance of counsel claims are procedurally defaulted. However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion. Bousley v. United States, 523 U.S.614, 621-22 (1998).

Second, a petitioner must affirmatively prove prejudice. <u>Strickland</u>, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight ... And to evaluate the [challenged] conduct from counsel's perspective at the time." <u>Id</u>. at 689.

A presumption exists that counsel is competent. A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. <u>Carpenter v. United States</u>, 720 F.2d 546 (8th Cir. 1983).

### a. Failure to Investigate

Petitioner claims he told his attorney that his car was at the True Finish Body Shop during the period of time that **a witness** testified that he purchased drugs supplied by Petitioner out of Petitioner's vehicle[4]. Petitioner claims that his counsel was ineffective because he failed to conduct an adequate investigation which would have confirmed that his car was in the shop during this period of time. Petitioner argues that if his attorney had investigated, he would have been able to cross examine this witness concerning the vehicle.

Petitioner's argument assumes that the testimonial evidence from this witness was the only evidence that weighed against the Petitioner. However, there was a considerable amount of

---

[4] Although Petitioner claims he told his attorney about his car being in the shop during the relevant period of time, he does not indicate when he provided this information to his attorney. Furthermore, Petitioner claims that records from the shop would verify that his car was indeed in the shop, but he failed to provide any such records.

testimony from eyewitnesses about Petitioner's participation, both with and without his car, in numerous drug deals. Moreover, two law enforcement officers described apprehending Petitioner in a car on Interstate 85 with a quantity of crack cocaine.

Even if Petitioner's attorney had been able to impeach this witness regarding Petitioner's car, Petitioner has not established the prejudice prong of Strickland given the remaining evidence that overwhelmingly pointed to Petitioner's participation in the drug conspiracy. Petitioner has failed to show how his counsel's failure to investigate whether his car was in the shop at a given time prejudiced him. More clearly, he has failed to establish how, but for counsel's error, the result would have been different. Therefore, there is no basis for this claim of ineffective assistance of counsel.

### b. Failure to Challenge the Presentence Report

Petitioner also claims that his attorney failed to challenge inaccuracies in the presentence report. Petitioner's main argument with respect to the presentence report is that his attorney did not object to the recommendation that Petitioner receive a two-level gun enhancement for possession of a firearm in connection with his offense. First, the Court notes that this claim is another attempt to relitigate the gun enhancement claim that was already appealed to and denied by the Fourth Circuit. Additionally, the record reveals that counsel for the Petitioner did file objections to the presentence report. Among other objections, Petitioner's counsel specifically objected to the weapon enhancement. (Government's Ex. 1 at 56-84.) The Government put on two witnesses in support of the gun enhancement. The first testified that he saw Petitioner with a gun on two occasions when the witness was doing drug deals with the Petitioner. The second witness, an agent from the Bureau of Alcohol, Tobacco and Firearms, testified that he learned from two cooperating witnesses that they had seen Petitioner with a gun during the course of the drug conspiracy. Petitioner's counsel

appropriately cross examined both witnesses.

This claim is completely without merit, not to mention frivolous. The record clearly reveals that not only did Petitioner's counsel object to the presentence report based on the gun enhancement, but he argued his objections in a hearing before this Court and appropriately cross examined the Government's witnesses in support of the gun enhancement. There is no basis for this claim of ineffective assistance of counsel.

### c. Failure to Present Mitigating Evidence

Petitioner argues that his attorney was ineffective because he failed to present mitigating evidence. This claim must fail in that Petitioner does not describe what mitigating evidence his attorney failed to present, therefore he has not established either prong of the <u>Strickland</u> test.

### d. Failure to Subject Prosecution to Meaningful Adversarial Testing

Petitioner claims that his attorney was not a vigorous advocate in the cross examination of witnesses against him and that his attorney failed to present any defense. These claims must also fail because they fail to point to any specific action or failure to act by his attorney that was deficient and that prejudiced him.

### III. <u>CONCLUSION</u>

In his motion, Petitioner merely stated that his attorney was ineffective but he never responded to the government's motion for summary judgment and has not explained specifically how the attorney was ineffective or how the alleged ineffectiveness prejudiced him. In short, Petitioner has not satisfied either element of the Strickland two-prong test. Therefore, the government's Motion for Summary Judgment is <u>granted</u>, the Petitioner's Motion to Vacate is <u>denied</u> and <u>dismissed</u>, and Petitioner's Motion to Amend is <u>denied</u>.

**Signed: June 1, 2005**

Richard L. Voorhees
United States District Judge